Filed 9/18/14  P. v. Hedrick CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICTOR GLENN HEDRICK,<br><br>    Defendant and Appellant. | C075110<br><br>(Super. Ct. No. CM038583) |

Appointed counsel for defendant Victor Glenn Hedrick has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

**I**

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Defendant was charged with possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a), a felony (count 1).  The complaint alleged count 1 constituted a second strike within the meaning of Penal Code

1

sections 667, subdivision (d), and 1170.12, subdivision (b).[1]  The complaint further alleged defendant served three prior prison terms (§ 667.5, subd. (b)), and that he suffered a prior serious or violent felony conviction (§§ 1192.7, 667.5, subd. (c), 1170, subd. (h)(3)) making him ineligible for a prison sentence served in county jail.

Defendant pleaded no contest to count 1 and admitted one prior prison term in exchange for a stipulated sentence of four years in prison, to be served in county jail, and dismissal with a *Harvey* waiver[2] of several other pending cases against him.  The factual basis to substantiate the plea is as follows:

Police searched defendant pursuant to conditions related to his release from custody on his own recognizance and found three baggies of methamphetamine, one of which contained only residue, and two of which contained useable amounts of 0.24 grams and 0.7 grams, respectively.  Police also discovered a pipe used to smoke methamphetamine.  Defendant told the officers he "just wanted to get high."

The trial court denied probation and sentenced defendant to four years in prison, to be served in county jail, as stipulated.  The court also imposed various fees, fines, and assessments, and ordered defendant to pay victim restitution.  The court awarded defendant 208 days of presentence custody credit.

Defendant filed a timely notice of appeal.  The court granted his request for a certificate of probable cause.  (§ 1237.5.)

## II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  *People v. Harvey* (1979) 25 Cal.3d 754.

supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.

                                                      BLEASE             , J.

We concur:

    RAYE             , P. J.

    MAURO          , J.